## El Pueblo *v.* Reyes.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 51.—Resuelto en febrero 14, 1907.

Procedimiento—Procesos Criminales—Delitos Cometidos Bajo el Régimen de la Legislación Penal Anterior.—Todo acto ú omisión penable como delito, cometido bajo el régimen de la legislación penal anterior á los Códigos Penal y de Enjuiciamiento Criminal, que empezaron á regir, en julio de 1902, debe ser investigado, perseguido y castigado con arreglo á aquella legislación.

Id.—Apelación—Errores de Procedimiento.—Los errores de procedimiento que

no perjudiquen los derechos sustanciales del acusado, no pueden ser alegados como motivo para la revocación de la sentencia.

Asesinato—Veredicto—Grado del Delito.—El Código Penal antiguo al definir el delito de asesinato, no reconoce los dos grados que establece el Codigo Penal vigente en su artículo 201, y por tanto, en una causa de asesinato que haya de ser penado con arreglo á aquel Código, el jurado no tiene que establecer en su veredicto distinción alguna con respecto al grado del delito de que haya de declarar culpable al acusado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de Arecibo en causa por asesinato.

La acusación fué formulada en 22 de septiembre de 1899 por el fiscal de dicha corte, y está concebida en los términos siguientes:

"El fiscal, vista la causa seguida contra Juan Arroyo y otros, por asesinato, formula las siguientes conclusiones:

1ª. El sábado, cinco de noviembre del año próximo pasado, estando Don Carlos María Alvarez en la casa de Tomás Colón Sánchez, situada en el barrio de Hato-Viejo, término de Ciales, á donde había entrado á pasar un aguacero, se puso á conversar con éste, su esposa y Chilo Fernández , que á la sazón se encontraba allí; llegaron los procesados Juan Arroyo Adorno, Prisco Padilla, y Simeón Reyes, quienes la emprendieron á golpes contra dicho Alvarez, incluso Colón, tirándolo abajo y amarrándolo por el cuello con una soga, lo arrastraron hasta un cafetal, en donde le dispararon tres tiros; y encontrándosele muerto al día siguiente; presentó varias heridas producidas por un cuerpo duro, arma de fuego y arma blanca.

"El procesado Tomás Colón Sánchez falleció el día cuatro de marzo del corriente año, y Simeón Reyes no ha sido capturado aún.

"2ª. Los hechos constituyen un delito de asesinato comprendido en el número 5°. del artículo 414 del Código Penal.

"3ª. Los procesados son autores.

"4ª. No concurren circunstancias.

"5ª. Corresponde imponer á Juan Arroyo Adorno, Prisco Padilla y

Simeón Reyes la pena de cadena perpétua á cada uno, accesorias correspondientes y pago de costas por iguales partes; declarando extinguida la acción penal respecto de Tomás Colón Sanchez, y suspendiéndose el procedimiento en cuanto al Simeón Reyes, hasta que sea habido. Responsabilidad civil.—Es de cinco mil pesetas que se deben por los procesados á los herederos del interfecto.''

En el acto del juicio, después de hacerse lectura de la acusación, el abogado de Simeón Reyes solicitó que fuera desestimada en la forma en que había sido presentada; y denegada tal moción, pidió aquél que se le concediera término para formular sus conclusiones provisionales de igual manera que el fiscal, lo que también denegó la corte, habiendo la defensa tomado excepción de una y otra resolución.

En vista del resultado de las pruebas practicadas, el jurado ante quien se celebró el juicio en 20 de julio de 1906, declaró culpable á Simeón Reyes del delito de asesinato de que era acusado; y señalado día para pronunciar sentencia, el abogado presentó moción, solicitando la celebración de un nuevo juicio, por ser el veredicto contrario á derecho, en atención á que no se ajusta á lo preceptuado en el artículo 284 del Código de Enjuiciamiento Criminal vigente.

A esa moción recayó decisión en 28 de julio citado, la que textualmente dice así:

''1. Oportunamente se declaró por esta corte que la acusación sería vista y fallada con arreglo á las disposiciones del Código Penal vigente antes del año 1902, por haberse cometido el hecho en época anterior, si bien amoldándose, en lo posible, para la celebración del juicio, á la tramitación vigente en la actualidad.

''2. El jurado no podía dar otro veredicto, pues al comenzar el juicio se le dió lectura de la acusación en la que se consigna que no existen circunstancias modificativas y, no habiéndose acusado por el fiscal la existencia de circunstancias agravantes ni atenuantes, y no habiéndose tampoco alegado, éstas por la defensa del reo, por lo que no fueron materia de discusión, siéndolo sólo la existencia ó nó de la cualificativa de ensañamiento, el juez instruyó al jurado del delito de asesinato sin circunstancias, determinado por la existencia de la expresada cualificativa, y, á petición de la defensa, del delito de homicidio, para el caso de no apreciarse probada dicha cualificativa.

"3. La Ley Penal aplicable no establece la presunción de que existan siempre circunstancias modificativas del delito, por lo que, si ellas no son alegadas, no resulta indispensable hacer declaraciones sobre su no existencia, como se establece en el párrafo tercero, regla cuarta del artículo 142 de la Ley de Enjuiciamiento Criminal de Cuba y Puerto Rico de enero primero de 1889, y para aplicación de la pena no puede tener duda el tribunal, ni perjudicarse el acusado, puesto que se ha hecho constar en la acusación la no existencia de dichas circunstancias modificativas y el veredicto del jurado es conforme á la expresada acusación.

"4. Por estas razones, entendiendo la Corte que el veredicto es conforme á derecho, deniega la concesión de un nuevo juicio que solicita el acusado."

De la denegatoria de nuevo juicio tomó excepción la defensa de Simeón Reyes y la corte, por sentencia del mismo día, le condenó á la pena de cadena perpétua, equivalente, según expresa, á treinta años de presidio con trabajos forzados y á pagar las costas de la causa.

Contra dicha sentencia interpuso recurso de apelación el acusado, y para su decisión ha sido elevada á esta Corte Suprema una transcripción de autos, que sólo comprende el escrito de acusación, el acta del juicio expresiva de las excepciones de que se deja hecho mérito, el veredicto del jurado, la moción, solicitando la celebración de nuevo juicio, la resolución de esa moción, la sentencia pronunciada y el escrito de apelación, sin que haya en el récord pliego de excepciones y exposición de hechos, ni tampoco se haya presentado ante esta corte alegato alguno en apoyo del recurso, cuya desestimación solicita el fiscal.

Examinados los méritos que ofrece el récord, no encontramos fundamento alguno para la revocación de la sentencia apelada.

La acusación fué formulada con arreglo al artículo 650 de la Ley Enjuiciamiento Criminal que regía en la fecha en que fué presentada, y por tanto, no hay términos hábiles para exigir que llene los requisitos que demanda el Código de En-

juiciamiento Criminal, que posteriormente empezó á regir en 1º. de julio de 1902.

Es verdad que no se permitió al acusado formular un escrito de conclusiones provisionales en contestación al del fiscal, infringiéndose así el artículo 652 del antiguo Código de Enjuiciamiento Criminal; pero esa infracción no perjudica los derechos sustanciales del reo, y por tanto no puede alegarse como motivo para la revocación de la sentencia.

En cuanto al veredicto del jurado, lo estimamos arreglado á derecho, teniendo en cuenta que Simeón Reyes debe ser juzgado con sugeción al Código Penal antiguo, atendida la cláusula de reserva que contiene el artículo 558 del moderno, que dice así:

"Todo acto ú omisión que empezare antes de la promulgación de este Código, podrá investigarse perseguirse y castigarse, como si no se hubiere aprobado dicho Código."

El Código Penal antiguo al definir el delito de asesinato en su artículo 414 no admite la calificación de asesinato de 1º. y 2º. grado que establece el Código Penal vigente en su artículo 201; y por tanto, si Reyes había de ser penado con arreglo al Código antiguo, no puede ser exigible que el jurado que le declaró culpable, diera cumplimiento al precepto del artículo 284 del Código de Enjuiciamiento Criminal que actualmente rige, pues no había que hacer distinción entre varios grados de culpabilidad al apreciar el delito, y por tanto holgaba determinar el grado del delito cometido.

Por las razones expuestas procede se confirme la sentencia apelada con las costas del juicio y del recurso á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.